UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LAVALLE MARCELLE PORTER, <br><br> Petitioner, <br><br> v. <br><br> PATRICK COVELLO, Warden, <br><br> Respondent. | Case No.:  18cv2345-CAB-NLS <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION [Doc. No. 12] AND DENYING PETITION** |

Lavalle Marcelle Porter ("Petitioner"), is a state prisoner proceeding *pro se* with a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254. [Doc. No. 1.] This matter was referred to United States Magistrate Judge Nita L. Stormes pursuant to 28 U.S.C. § 636(b)(1)(B).  Magistrate Judge Stormes issued a Report and Recommendation ("Report") recommending the Court deny the petition. [Doc. No. 12.] Petitioner filed objections to the Report. [Doc. No. 13.]  No reply has been filed

Following *de novo* review of Petitioner's claims, the Court finds the Report to be thorough, complete, and an accurate analysis of the legal issues presented in the petition. For the reasons explained below, the Court: (1) adopts the Report in full; (2) rejects Petitioner's objections; (3) denies the Petition for Writ of Habeas Corpus; and (4) denies a certificate of appealability.

**BACKGROUND**

### I.  Factual Background

The Report contains an accurate recital of the facts as determined by the California Court of Appeal, and the Court fully adopts the Report's statement of facts.  As Judge Stomres correctly noted, the Court presumes state court findings of fact to be correct.

### II.  State Procedural Background

The Report contains a complete and accurate summary of the state court proceedings, and the Court fully adopts the Report's statement of state procedural background.

### III.  Federal Procedural Background

On October 11, 2018, Petitioner filed a Petition for Writ of Habeas Corpus challenging his San Diego County Superior Court conviction. [Doc. No. 1.] On October 29, 2018, Petitioner filed a supplemental memorandum in support of his Petition.  [Doc. No. 6.]  On December 21, 2018, Respondent filed an Answer to the Petition, and lodged portions of the state court record. [Doc. Nos. 9 and 10.] On January 30, 2019, Petitioner filed a Traverse. [Doc. No. 11.]

On March 12, 2019, Magistrate Judge Nita L. Stormes issued a Report recommending that the petition be denied. [Doc. No. 12.] On April 3, 2019, Petitioner filed an Objection to the Report. [Doc. No. 13.] In his objection, Petitioner argues that the magistrate judge erred in finding that the state court did not make an unreasonable application of clearly established federal law or an unreasonable determination of the facts in light of the evidence.  Because Petitioner has objected to the Report in its entirety, the Court reviews the Report *de novo.*  28 U.S.C. § 636(b)(1)(C); *Holder v. Holder*, 392 F.3d 1009, 1022 (9th Cir. 2004).

**DISCUSSION**

### I.    Legal Standard

The Report sets forth the correct standard of review for a petition for writ of habeas corpus. Under 28 U.S.C. § 2254(d):

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 403, 412-13 (2000).

Under § 2254(d)(1), a state court's decision is "contrary to" clearly established federal law if the state court (1) "arrives at a conclusion opposite to that reached by this Court on a question of law" or (2) "confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to ours." *Williams,* 529 U.S. at 405. A state court's decision is an "unreasonable application" if the application was "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003).

Under § 2254(d)(2), habeas relief is not available due to a state court's "unreasonable determination of the facts" unless the underlying factual determinations were objectively unreasonable. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *see also Rice v. Collins*, 546 U.S. 333, 341-42 (2006) (the fact that "[r]easonable minds reviewing the record might disagree" does not render a decision objectively unreasonable).

## II.    Analysis of Petitioner's Claim

Petitioner raises one claim in his Petition:  the trial court abused its discretion and violated Petitioner's Fifth and Fourteenth Amendments to due process of law under the United States Constitution by excluding, pursuant to California Evidence Code section 352,  the recording of 911 calls that Petitioner made on July 5, 2015 (18 days earlier), where he reported that he was being followed and threatened by men at the same trolley stop where the assault took place. [Doc. No. 1.]

First, to the extent Petitioner claims that the trial court erred when it excluded the evidence pursuant to California Evidence Code section 352, state court evidentiary rulings cannot serve as a basis for habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Rather, "a state court's evidentiary ruling, even if erroneous, is grounds for federal habeas relief only if it renders the state proceedings so fundamentally unfair as to violate due process. *Spivey v. Rocha*, 194 F.3d 971, 977 (9th Cir. 1999). As noted by Magistrate Judge Stormes, various district courts have held that Rule 352 does not violate the Constitution on its face and cannot form the basis for habeas relief. [Doc. No. 12 at 14 (citations omitted).][1] Moreover, Petitioner has not shown that the trial court's decision in this case was contrary to, or an unreasonable application of, clearly established federal law. *Spivey*, 194 F.3d at 977-78. The trial court heard argument and testimony regarding whether to admit the 911 calls, and reasonably concluded that there was not sufficient evidence to link the 911 calls to the assault, which took place over two weeks later under differing circumstances. In addition, there was other evidence presented going to Petitioner's guilt, including Petitioner's testimony and a video of the assault itself. Thus, the decision regarding the 911 calls did not render the state proceedings "fundamentally unfair," and was not contrary to or an unreasonable application of federal law. *Id.* Accordingly, the Court adopts the Report and denies the petition as to this claim.

## CERTIFICATE OF APPEALABILITY

A petitioner complaining of detention arising from state court proceedings must obtain a certificate of appealability to file an appeal of the final order in a federal habeas proceeding. 28 U.S.C. § 2253(c)(1)(A) (2007). The district court may issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a

---

[1] In his objections, Petitioner cites to *Crane v. Kentucky*, 476 U.S. 683 (1986). [Doc. No. 13 at 2.] However, *Crane* involved evidence concerning the voluntariness of the defendant's confession and therefore is not on point. To the extent *Crane* stands for the general proposition that defendants have a right to present a meaningful defense, Petitioner did so through his own testimony. [R.T. 235 – 303.]

constitutional right." Id. § 2253(c)(2). To make a "substantial showing," the petitioner must "demonstrat[e] that 'reasonable jurists would find the district court's assessment of the constitutional claims debatable[.]' " *Beaty v. Stewart*, 303 F.3d 975, 984 (9th Cir.2002) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Petitioner has not made a "substantial showing" as to the claim raised by his petition, and thus the Court *sua sponte* denies a certificate of appealability.

**CONCLUSION**

In sum, Petitioner has not established that the appellate court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, or was based on an unreasonable determination of the facts in light of the evidence presented in the state courts. The Court hereby: (1) adopts the Report in full; (2) rejects Petitioner's objections; (3) denies the Petition for Writ of Habeas Corpus; and (4) denies a certificate of appealability.

**IT IS SO ORDERED.**

Dated:  April 24, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge